IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFTON MASAYOSHI HASEGAWA, in personam, and President and CEO, CLIFTON M. HASEGAWA & ASSOCIATES, LLC, a duly registered Hawaii Limited Liability Company<br><br>        Plaintiffs,<br><br>vs.<br><br>STATE OF HAWAII, LINDA LINGLE, former Governor in then official capacity and in personam, MARK BENNETT, former Attorney General, in his official capacity and in personam,<br><br>        Defendants. | CV NO 10-00745 DAE-BMK |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

On May 12, 2011, the Court heard Defendants' Motion to Dismiss

Complaint filed December 14, 2010, First Amended Complaint filed December 15,

2010, and Second Amended Complaint filed December 20, 2010 (Doc. # 9), and

Plaintiff's Motion to Dismiss; Motion for Summary Judgment (Doc. # 28).

Plaintiff Clifton Masayoshi Hasegawa, pro se, appeared at the hearing on behalf of

himself; Deputy Attorney General John F. Molay appeared at the hearing on behalf of the Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 9) and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Dismiss and Motion for Summary Judgment (Doc. # 28).

BACKGROUND

On December 14, 2010, Plaintiff Clifton Masayoshi Hasegawa, both in his individual capacity and on behalf of Clifton M. Hasegawa & Associates, LLC ("Plaintiff"), filed a Complaint against Defendants the State of Hawaii, former Governor Linda Lingle ("Lingle") in both her official and individual capacities, and former Attorney General Mark Bennett ("Bennett"), in his official and individual capacities (collectively, "Defendants"). ("Compl.," Doc. # 1.) On December 15, 2010, Plaintiff filed a First Amended Complaint ("FAC") against Defendants. (FAC, Doc. # 6.) On December 20, 2010, Plaintiff filed a Second Amended Complaint ("SAC") against Defendants. (SAC, Doc. # 8.)

Plaintiff's Complaint, FAC and SAC, collectively set forth a variety of allegations against Defendants.[1] First, Plaintiff claims that he was retaliated

---

[1] Plaintiff is advised that pursuant to Local Rule 10.3 "an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of the court." Additionally, as a

against and subjected to criminal prosecution as a result of filing a Title VII and Equal Pay Act complaint with the Equal Employment Opportunity Commission ("EEOC") and Hawaii Civil Rights Commission ("HCRC") against the State of Hawaii. (Compl. at 2.) He then states claims involving other rights implicated in his criminal prosecution in the Circuit Court, First Circuit, State of Hawaii (Id. at 2–4.) Plaintiff next alleges various misuses and misappropriation of government funds relating to the Hawaii Superferry, ceded land, the Ala Wai Canal, community health centers, the proposed rail project, Turtle Bay Resort, and furlough Fridays. (Id. at 4; FAC at 2–7.) Additionally, Plaintiff contends that probation violators are being detained without due process. (FAC at 7–8.) Plaintiff also sets forth allegations against Lingle claiming improper favoritism within her administration.

---

general rule, an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original pleading no longer serves any function in the case. Although "[p]ro se litigants must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), the Court also recognizes that when a plaintiff appears pro se, the Court has an obligation to construe the plaintiff's complaint liberally, See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Thus, the Court considers all allegations made in Plaintiff's Complaint, FAC, and SAC for purposes of the instant motions. However, the Court cautions Plaintiff that if he chooses to file a third amended complaint, he must state the claims he wishes to bring before the Court in their entirety, as the Court will not consider any prior complaint filed by Plaintiff.

(Id. at 8–9.) Plaintiff's remaining claims stem from incidents occurring during his imprisonment. First, he expresses discontent about the practices and procedures regarding kosher diets in prisons (Compl. at 5), and second, in an attachment to his Complaint, Plaintiff seeks the return of items allegedly taken from him when he was imprisoned, and damages for other monetary losses he allegedly suffered while imprisoned (Id. at Ex. 4).

On December 23, 2010, Defendants filed a Motion to Dismiss Complaint filed December 14, 2010, First Amended Complaint filed December 15, 2010, and Second Amended Complaint filed on December 20, 2010 ("Motion to Dismiss"). ("Mot 1," Doc. # 9.) On January 5, 2011, Plaintiff filed a Response to Defendants' Motion to Dismiss ("Plaintiff's Opposition"). ("Opp'n 1," Doc. # 14.) On April 1, 2011, Plaintiff filed a Motion to Dismiss; Motion for Summary Judgment. ("Mot 2," Doc. # 28.) On April 11, 2011, Defendants filed a Response regarding Plaintiff's Motion to Dismiss; Motion for Summary Judgment ("Defendants' Opposition"). ("Opp'n 2," Doc. # 31.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a

5

formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

I.  Plaintiff Clifton M. Hasegawa & Associates, LLC

Plaintiff filed this action on behalf of himself and on behalf of his company, Clifton M. Hasegawa & Associates, LLC. In Defendants' Motion to Dismiss, they argue that pursuant to Local Rule ("LR") 83.11, "[a] corporation may not be represented before the Court by itself or its officers and it must have the representation of an attorney." (Mot. 1 at 5.) Indeed, LR 83.11 states that "[b]usiness entities, including but not limited to corporations, partnerships, limited liability partnerships, limited liability corporations, and community associations, cannot appear before this court pro se and must be represented by an attorney." LR 83.11.

Although Plaintiff appears to indicate that he has had some legal training, he is not a member of the bar of the State of Hawaii, has not been admitted to the bar of this Court, and pursuant to LR 83.2, may not practice before this Court.[2] Thus, as a pro se Plaintiff, he may not represent Clifton M. Hasegawa & Associates, LLC in the instant matter. Accordingly, Clifton M. Hasegawa & Associates, LLC is DISMISSED WITHOUT PREJUDICE from this action.

---

[2] The Court notes that members of other State bars or the bar of the District of Columbia may apply to appear before this Court pro hac vice, however there is no indication that Plaintiff has done so in this case.

II.   Plaintiff's Motion to Dismiss

On April 1, 2011, Plaintiff filed a Motion to Dismiss; Motion for Summary Judgment, seeking in part dismissal with prejudice of three out of the four counts stated in his pleadings. The Court notes that Plaintiff's Complaint, FAC, and SAC do not state independent counts, thus it is unclear as to what counts Plaintiff is referring to. In any event, Plaintiff seeks to dismiss his "counts" for: "[r]ecovery of damages that may accrue to Plaintiff based on the Complaint of discrimination"; "[r]ecovery of damages that may accrue to Plaintiff by reason of the acts of negligence, omission and/or intended by Defendants"[3]; and "[r]ecovery

---

[3] The Court construes this "count" as referring to Plaintiff's general grievances in the Complaint, FAC, and SAC about Defendants' misuse and misappropriation of government funds, probation violators being held without due process, Lingle's alleged favoritism, and various other accusations lobbied against the government not relating to Plaintiff personally. This belief is further supported by Plaintiff's statement in his Motion to Dismiss; Motion for Summary Judgment that "some issues have over time resolved themselves and others are better addressed by Governor Abercrombie and the Legislature." (Mot. 2 at 3.) However, to the extent Plaintiff did not intend to dismiss all such general grievances in his Motion to Dismiss; Motion for Summary Judgment, such causes of action must be dismissed regardless because Plaintiff lacks the requisite standing. Plaintiff's general grievances regarding misuse and misappropriation of government funds, probation violators, and Lingle's favoritism, are, as a matter of law, not sufficient to establish standing. See Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); Lance v. Coffman, 549 U.S. 437, 439 (2007) ("We have consistently held that a plaintiff raising only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution

and award that may accrue to Plaintiff as a whistle blower for breach of fiduciary duties."[4] (Mot. 2 at 2–3.) Thus, it appears Plaintiff only intends to move forward with his count seeking "[r]ecovery of the replacement value of cash and personal property bailed on the State of Hawaii, Office of the Attorney General when Plaintiff was taken into custody and extradited for the Maui Police Department jail, Wailuku, Hawaii." (Id. at 2.)

Federal Rule of Civil Procedure ("Rule") 41(a)(2) allows a plaintiff, pursuant to court order, and subject to any terms and conditions the court deems proper, to dismiss an action at any time. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (citing Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)). Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. Stevedoring, 889 F.2d at 921; see also Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a

---

and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy.").

[4] Plaintiff also includes a footnote in his Motion to Dismiss; Motion for Summary Judgment regarding his case in the Circuit Court of the First Circuit, State of Hawaii. The Court here refrains from addressing any arguments made or issues raised by Plaintiff regarding that entirely separate proceeding.

defendant can show that it will suffer some plain legal prejudice as a result of the dismissal."). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and "will not be disturbed unless the court has abused its discretion." Westlands Water Dist., 100 F.3d at 96 (citations omitted). Thus, when ruling upon a Rule 41(a)(2) motion to dismiss without prejudice, the district court must first determine whether the defendant will suffer resultant legal prejudice. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Neither Plaintiff nor Defendants will suffer legal prejudice from the voluntary dismissal of Plaintiff's requested counts. At the time that Plaintiff filed his Motion to Dismiss; Motion for Summary Judgment, which includes Plaintiff's request for voluntary dismissal, the parties had not yet devoted substantial time and effort to litigating the merits of Plaintiff's claims. Indeed, the first substantive motion filed in this case, Defendants' Motion to Dismiss, was heard at the same time as Plaintiff's Motion to Dismiss; Motion for Summary Judgment. Additionally, this case has not yet been prepared for trial and has not even gone past motions practice. No pretrial statement has been filed and trial preparation has not commenced. Moreover, Defendants agree with and support Plaintiff's request

to dismiss the aforementioned counts. Accordingly, the Court GRANTS Plaintiff's Motion to Dismiss and per Plaintiff's request, DISMISSES WITH PREJUDICE Plaintiff's causes of action seeking damages based on Plaintiff's EEOC complaint, Plaintiff's actions as a "whistle blower," and Defendants' acts of "negligence" and "omission," leaving only Plaintiff's claim for the replacement of property allegedly taken from him at the time of his imprisonment.

III.  Plaintiff's Remaining Cause of Action

First, Plaintiff's remaining cause of action must be dismissed against Defendants in their official capacity pursuant to the Eleventh Amendment. Plaintiff's remaining claim against Defendants in their official capacities fails because "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999)); See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Indeed, state officials acting in their official capacities are immune from suit for monetary damages under the Eleventh Amendment since the

suit is no different from a suit against the State itself.[5]  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); see also Hafer v. Melo, 502 U.S. 21, 24-25 (1991) (holding that a defendant acting in his official capacity receives the same immunity as the government agency to which he belongs).  Thus, the Eleventh Amendment bars Plaintiff's claims for damages against the State of Hawaii and against the remaining defendants as state officials in their official capacities.

Plaintiff's remaining cause of action, which seeks "[r]ecovery of the replacement value of cash and personal property bailed to the State of Hawaii . . . when Plaintiff was taken into custody ,"[6] is not contained anywhere in

---

[5] The only exception for a suit to go forward against Defendants in their official capacity is a suit "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law."  Wilbur, 423 F.3d at 1111 (quoting Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000); see Ex parte Young, 209 U.S. 123 (1908); see also Will, 491 U.S. at 71 n.10 ("official-capacity actions for prospective relief are not treated as actions against the State.").  However, Plaintiff's Motion to Dismiss; Motion for Summary Judgment indicates that Plaintiff seeks "[r]ecovery of the replacement value of cash," as to the remaining cause of action, and does not state any pleadings seeking injunctive relief.  (Mot. 2 at 2.)

[6] In Plaintiff's Complaint, he also sets forth allegations regarding the offering of a kosher diet in prison.  (Compl. at 5.)  However, Plaintiff's Motion to Dismiss; Motion for Summary Judgment appears to indicate that Plaintiff no longer wishes to pursue this claim.  First, it is not listed as one of the "counts" in

12

the body of Plaintiff's Complaint, FAC, or SAC. (Mot. 2 at 2.) It is, however, found in Exhibit 3 of Plaintiff's Complaint, where Plaintiff attaches the grievance he filed with Lynn Wong, a Senior Probation Officer with the First Circuit Court of the State of Hawaii. (Compl., Ex. 3) Exhibits intended to support a complaint must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Additionally, it is not the duty of the Court to wade through exhibits to determine whether or not such exhibits support Plaintiff's claims. Rather, the Court looks to the factual allegations contained in Plaintiff's Complaint to determine whether or not Plaintiff has stated a cognizable claim for relief, and to the extent Plaintiff wishes to attach exhibits in support of such claims, he may explicitly refer to each exhibit. Plaintiff may not merely attach exhibits and expect the Court to discern causes of action that are contained in the exhibits, and more importantly, not contained anywhere in the Complaint. For this reason alone, Plaintiff's remaining cause of action is dismissed.

---

Plaintiff's Motion to Dismiss; Motion for Summary Judgment. Second, Plaintiff makes it clear that he wishes to proceed to summary judgment with only his claim regarding the property allegedly taken from him while he was imprisoned. For this reason, the Court hereinafter addresses only that remaining count. However, to the extent Plaintiff intended for his claim about kosher diets to remain, the analyses found in this section regarding the Eleventh Amendment and Rule 8 apply to that claim, and thus the claim would be dismissed as well.

Additionally, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). "Each allegation must be simple, concise, and direct." Id. 8(d)(1). Plaintiff's remaining cause of action as well as all others found in the Complaint, FAC, and SAC, are difficult to decipher and do little to guide the Court and Defendants as to exactly what laws have allegedly been violated by Defendants. Defendants, nor the Court, are required to speculate as to what law Plaintiff is suing under or how Defendants violated such law. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. Thus, Plaintiff's remaining cause of action is dismissed for this reason as well.

Accordingly, Defendants' Motion to Dismiss is GRANTED and Plaintiff's remaining cause of action is DISMISSED WITHOUT PREJUDICE. Additionally, because the Court has dismissed Plaintiff's Complaint, FAC, and SAC, the Court also DENIES AS MOOT Plaintiff's Motion for Summary Judgment.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 9) and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Dismiss and Motion for Summary Judgment (Doc. # 28). The Complaint, FAC and SAC are DISMISSED WITH PREJUDICE as to Plaintiff's causes of action seeking damages based on Plaintiff's EEOC complaint, Plaintiff's actions as a "whistle blower," and Defendants acts of "negligence" and "omission," and DISMISSED WITHOUT PREJUDICE as to Plaintiff's claim for the replacement of property allegedly taken from him at the time of his imprisonment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 24, 2011.

_____
David Alan Ezra
United States District Judge

Hasegawa v. State of Hawaii et al., Cv. No. 10-00745 DAE-BMK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT