IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CLIFTON MASAYOSHI HASEGAWA, ET AL., | ) ) ) | CV. NO. 10-00745 DAE-BMK |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| STATE OF HAWAII, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

ORDER: (1) VACATING THE MAGISTRATE'S ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT; (2) VACATING THE CLERK'S JUDGMENT; AND (3) RE-OPENING THE CASE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. The Court hereby **VACATES** the Magistrate's Order Granting Defendants' Motion to Strike Plaintiff's Third Amended Complaint, **VACATES** the Clerk's Judgment, and **RE-OPENS** this case.

BACKGROUND

On December 14, 2010, Plaintiff Clifton Masayoshi Hasegawa ("Plaintiff"), proceeding pro se, filed a Complaint against Defendants the State of Hawaii, former Governor Linda Lingle in both her individual and official capacities, and former Attorney General Mark Bennett in his individual and official

capacities (collectively, "Defendants"). ("Compl.," Doc. # 1.)  The next day, Plaintiff filed a First Amended Complaint (Doc. # 6) and five days later, Plaintiff filed a Second Amended Complaint (Doc. # 8).

On May 24, 2011, this Court issued an Order Dismissing the Complaint, the First Amended Complaint, and the Second Amended Complaint. (Doc. # 38.)  Most of Plaintiff's claims were dismissed with prejudice, but at least one of Plaintiff's claims was dismissed without prejudice.  (Id. at 15.)  On May 31, 2011, the Clerk's Office entered Judgment in Defendants' favor pursuant to the Court's May 24, 2011 Order and closed the case.  (Doc. # 39.)

On September 21, 2011, Plaintiff filed a Third Amended Complaint. (Doc. # 42.)  On September 23, 2011, Defendants filed a Response to Plaintiff's Third Amended Complaint requesting that the Court strike Plaintiff's Third Amended Complaint as an improperly filed pleading.  (Doc. # 41.)

On October 28, 2011, Magistrate Judge Barry M. Kurren issued an Order Granting Defendants' Motion to Strike Plaintiff's Third Amended Complaint.  (Doc. # 47.)  On November 17, 2011, Plaintiff filed a "Notice of Appeal" from the Magistrate's Order.[1]  (Doc. # 48.)

---

[1] The Court notes that Plaintiff's Notice of Appeal is directed to the Ninth Circuit Court of Appeals.  However, since Plaintiff is appealing a decision of a magistrate judge on a non-dispositive matter, it is the district court, and not the

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute

---

Court of Appeals, that reviews the magistrate's order in the first instance to correct any clear error. See Fed. R. Civ. Proc. 72(a); Cole v. U.S. Dist. Court for Dist. of Idaho, 366 F.3d 813, 818 (9th Cir. 2004). Therefore, the Court construes Plaintiff's Notice of Appeal to the Ninth Circuit as an Appeal of the Magistrate Judge's Order to the undersigned District Judge.

its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

The Court's May 24, 2011 Order makes clear that while some claims were dismissed with prejudice, at least one claim was dismissed without prejudice:

> The Complaint, FAC, and SAC are DISMISSED WITH PREJUDICE as to Plaintiff's causes of action seeking damages based on Plaintiff's EEOC complaint, Plaintiff's actions as a "whistle blower," and Defendant[s'] acts of "negligence" and "omission," and DISMISSED WITHOUT PREJUDICE as to Plaintiff's claim for the replacement of property allegedly taken from him at the time of his imprisonment.

(Doc. # 38 at 15 (emphasis in original).) The Order further provides as follows:

> [T]he Court cautions Plaintiff that if he chooses to file a third amended complaint, he must state the claims he wishes to bring before the Court in their entirety, as the Court will not consider any prior complaint filed by Plaintiff.

(Id. at 2 n.1.) In other words, the Court implicitly granted Plaintiff leave to file an amended pleading. Nonetheless, on May 31, 2011, the Clerk's Office

4

improvidently entered Judgment in Defendants' favor and closed the case.  The Court concludes that the Clerk's Judgment was entered in error.  The Court further concludes that Plaintiff's Third Amended Complaint should not be stricken from the record because Plaintiff was granted leave to amend his complaint pursuant to the Court's May 24, 2011 Order.

## CONCLUSION

Accordingly, the Court hereby **VACATES** the Magistrate's Order Granting Defendants' Motion to Strike the Third Amended Complaint.  The Clerk of the Court is directed to **VACATE** the Judgment entered on May 31, 2011 and **RE-OPEN** this case.  Defendants shall have thirty (30) days from the date of this Order to file a Motion to Dismiss or Motion for Summary Judgment, or otherwise respond to Plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 14, 2011.



_____
David Alan Ezra
United States District Judge

Clifton Masayoshi Hasegawa, et al. vs. State of Hawaii, et al., Civil No. 10-00745 DAE-BMK; ORDER: (1) VACATING THE MAGISTRATE'S ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT; (2) VACATING THE CLERK'S JUDGMENT; AND (3) RE-OPENING THE CASE